UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AHS TULSA REGIONAL MEDICAL CENTER, LLC d/b/a OSU MEDICAL CENTER, | ) ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) |
| MICHAEL FOGARTY, Chief Executive Officer of the Oklahoma Health Care Authority | ) ) ) ) ) |
| **Defendant.** | ) |

Case No. 07-CV-338-CVE-SAJ

## OPINION AND ORDER

Now before the Court are Defendant's Motion to Dismiss (Dkt. # 14) and Defendant's Motion for Joinder of Party (Dkt. # 22) and Defendant's Motion for Interpleader (Dkt. # 23). Defendant asserts that the Court lacks subject matter jurisdiction over plaintiff's claims. If the Court finds that it has subject matter jurisdiction, defendant asks the Court to join Oklahoma State University ("OSU") as a defendant and that defendant be permitted to deposit certain funds at issue in this lawsuit with the Court pursuant to Fed. R. Civ. P. 22 and 67.

Plaintiff AHS Tulsa Regional Medical Center, LLC d/b/a OSU Medical Center ("AHS") is a hospital located in Tulsa, Oklahoma that provides services to Medicaid beneficiaries. AHS receives Direct Graduate Medical Education ("DGME") and Indirect Medical Education ("IME") funds. The Oklahoma Health Care Authority ("OHCA") administers Oklahoma's Medicaid plan and the Chief Executive Officer of OHCA is Micheal Fogarty ("Fogarty"). Until 2006, OHCA paid IME funds directly to AHS under the following regulation:

> Payment will be made to hospitals qualifying for Indirect Medical Education payment adjustments pursuant to the methodology described in the Oklahoma Title XIX Inpatient Hospital State Plan.

Okla. Admin. Code § 317:30-5-47.3. While this regulation has not changed, OHCA revised Oklahoma's Medicaid State Plan to state that:

> For hospitals that have public-private ownership, or have entered into a joint operating agreement, or have entered into a joint academic affiliation agreement, payment may be made to the public entity that is organizationally responsible for the public teaching mission.

Oklahoma Medicaid State Plan, Attachment 4.19-A., at 22. Based on this language, OHCA began sending IME payments directly to OSU instead of AHS. AHS alleges that OSU has not forwarded IME funding to AHS nor will OHCA intervene in the matter on AHS' behalf.

To recover the IME funding paid to OSU, AHS filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that Fogarty violated federal law by paying IME funds to OSU. Specifically, AHS relies on 42 U.S.C. § 1396a(a)(32), which states that state Medicaid plans must "provide that no payment under the plan for any care or service provided to an individual shall be made to anyone other than such individual or the person or institution providing such care or service . . . ." AHS claims that it is entitled to receive IME funding under federal law, because it is the institution providing health care services. OHCA argues that IME payments are not specifically authorized by the Medicaid Act, and OHCA is not obligated to make these payments. OHCA contends that IME payments are purely discretionary and are provided as a matter of state law. OHCA asserts that AHS does not have a right to receive IME payments as a matter of federal law.

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must construe the allegations of the complaint as true and view the allegations in the light most favorable to the nonmoving party. Moffett v. Halliburton Energy Services, Inc., 291 F.3d 1227, 1231 (10th Cir.

2002). A Rule 12(b)(6) motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sutton v. Utah State School for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).

The parties agree that AHS must show that it has a right under federal law to recoup IME funds from OHCA and require that all further payments of IME funds be directed to AHS. In Blessing v. Freestone, 520 U.S. 329 (1997), the Supreme Court cited three factors that should be considered when determining if a plaintiff has a federal right sufficient to sustain a claim under section 1983:

> First, Congress must have intended that the provision in question benefit the plaintiff. Second, the plaintiff must demonstrate that the right assertedly protected by the statute is not so "vague and ambiguous" that its enforcement would strain judicial competence. Third, the statute must unambiguously impose a binding obligation on the States. In other words, the provision giving rise to the asserted right must be couched in mandatory, rather than precatory terms.

Id. at 340-41. "Once a plaintiff demonstrates that a statute confers an individual right, the right is presumptively enforceable by § 1983." Gonzaga University v. Doe, 536 U.S. 273, 284 (2002). Federal courts have found that certain sections of section 1396a create federal rights that can be enforced with a section 1983 claim. See Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498 (1990) (health care provider could bring section 1983 claim to enforce 42 U.S.C. § 1396a(a)(13)); Doe v. Kidd, ___ F.3d. ___, 2007 WL 2713389 (4th Cir. 2007) (holding that claimant could seek to enforce 42 U.S.C. § 1396a(a)(8) through section 1983); Gean v. Hattaway, 330 F.3d 758 (6th Cir. 2003) (right to "fair hearing" under 42 U.S.C. § 1396a(a)(3) enforceable through section 1983).

In this case, AHS can satisfy all three factors of <u>Blessing</u>. The statute specifically requires that payments be directed to no one other than the "person or institution providing such care or service." 42 U.S.C. § 1396a(a)(32). The regulations permitting IME payments specifically refer to "hospitals" as the intended beneficiary of such payments. 42 C.F.R. § 412.105. This shows that AHS, as a hospital, was intended to benefit from IME funding under the Medicaid Act. The language of section 1396a(a)(32) is not so vague and ambiguous as to prevent judicial enforcement. Unlike section 1396a(a)(30), which has been found to be too vague to create an enforceable federal right under section 1983, the language of section 1396a(a)(32) clearly confers on providers a right to receive payment. <u>See</u> <u>Mandy R. ex rel. Mr. and Mrs. R. v. Owens</u>, 464 F.3d 1139 (10th Cir. 2006) ("reasonable effort" language of section 1396a(a)(30) insufficient to create an enforceable federal right for patients or providers). Section 1396a(a)(32) creates a binding obligation for states to pay "the person or institution providing such care or service." It would make little sense to give providers a right to receive payment without also providing a method to recover payment in the event a state chooses to withhold or redirect Medicaid funds. The Court finds that plaintiff has a federal right under section 1396a(a)(32) of the Medicaid Act and, therefore, the Court presumes that this right can be enforced under section 1983. Defendant's motion to dismiss is denied.

Defendant also requests joinder of OSU as a party and permission to deposit IME funds with the Court pursuant to Fed. R. Civ. P. 22 and 67. Plaintiff does not object to the relief sought by defendant.[1] The Court finds that OSU's presence as a party will expedite this litigation and enable

---

[1] Plaintiff disputes defendant's characterization of IME payments and suggests that defendant is attempting to ignore its statutory obligations to pay providers under the Medicaid Act. However, those arguments go to the merits of plaintiff's section 1983 claim and have no bearing on defendant's request to deposit IME funds with the Court under Rule. 22.

4

the parties to reach a complete resolution of the issues raised in plaintiff's complaint. As requested in defendant's motion and proposed order, defendant will be permitted to file a third-party complaint joining OSU as a third-party defendant. The Court also finds that defendant should be permitted to deposit the disputed IME funds with the Court Clerk.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Dkt. # 14) is **denied**. Defendant's Motion for Joinder of Party (Dkt. # 22) and Defendant's Motion for Interpleader (Dkt. # 23) are **granted.**

**IT IS FURTHER ORDERED** that defendant may deposit any disputed IME funds with the Court Clerk pursuant to Fed. R. Civ. P. 22 and 67 and LCvR 67.1. Counsel presenting this Opinion and Order shall serve a copy thereof on the Court Clerk or the Chief Deputy Clerk personally. Absent this service, the Clerk is hereby relieved of any personal liability for compliance with this Opinion and Order.

**IT IS FURTHER ORDERED** that defendants shall file a third-party complaint joining OSU as a third-party defendant **no later than October 26, 2007**.

**DATED** this 16th day of October, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT